IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| IRVIN E. TALIAFERRO, | : |
| Plaintiff, | : |
| v. | : CASE NO.: 1:13-CV-94 (WLS) |
| UNITED STATES OF AMERICA, | : |
| Defendant. | : |

## ORDER

Presently pending before the Court is Defendant's Motion to Dismiss (Doc. 11). For the reasons that follow, Defendant's Motion to Dismiss (Doc. 11) is **GRANTED.**

## BACKGROUND[1]

On February 28, 2013, Plaintiff and his wife met with an IRS revenue officer, S. Freeman, and discussed certain allegedly unpaid taxes owed by Plaintiff. (Doc. 6 at 2.) Plaintiff was informed that the unpaid taxes stemmed from substitute returns. (*Id.*) Plaintiff expressed to S. Freeman his position that the substitute returns were not valid because those returns were not affixed with his signature. (*Id.*) On March 4, 2013, the IRS sent a Notice of Levy of Salary and Wages to Bainbridge State College, where Plaintiff worked as a security officer, and instructed it to send 100% of Plaintiff's take-home pay to the IRS. (*Id.*) On the same date, the IRS also sent a similar Notice of Levy to the New Jersey Department of Treasury, Division of Pension and Benefits. (*Id.* at 3.) Plaintiff receives a pension from the State of New Jersey based on his previous career as a law enforcement officer in Newark, New Jersey. (*Id.*) Plaintiff claims that S. Freeman intentionally omitted certain information from the Notices of Levy. (*Id.*) As a result of the levy, Plaintiff was forced to resign from Bainbridge State College on March 22, 2013.

---

[1] The facts stated are taken from the well-pleaded allegations in Plaintiff's Complaint and are accepted as true for the purpose of the instant Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

1

(*Id.*) Plaintiff claims that S. Freeman did not have the authority to send the Notices of Levy to the referenced parties, and did so maliciously. (*See id.* at 1.)

On June 31, 2013, Plaintiff *pro se* filed the instant Complaint, and a Motion to Proceed *In Forma Pauperis* ("IFP"). (Docs. 1 & 2.) On September 30, 2013, the Court granted Plaintiff's Motion to Proceed IFP. (Doc. 5.) Also, the Court ordered Plaintiff to amend his Complaint to state a cognizable cause of action. (*Id.*) On October 8, 2013, Plaintiff submitted an Amended Complaint. (Doc. 6.) In his Amended Complaint, Plaintiff seeks to recoup monies seized by the IRS by levy, and seeks a declaration by the Court that the Notices of Levy were improper and illegal. (*See id.* at 5.) Because Plaintiff was granted IFP status, the United States Marshal Service served Defendant with process. (Doc. 7.) On January 31, 2014, Defendant filed the Motion to Dismiss currently under review. (Doc. 11.) Plaintiff was ordered to respond and filed his response on February 18, 2014. (Docs. 12 & 13.) Because the time period for Defendant to file a reply has elapsed and Defendant has not filed a reply, Defendant's Motion to Dismiss is ripe for review. *See* M.D. Ga. L.R. 7.3.1.

## ANALYSIS

Defendant asserts that the Court lacks subject matter jurisdiction over Plaintiff's claims for injunctive relief and declaratory relief. (Doc. 11 at 2, 5.) Defendant states that Plaintiff's only avenue for relief is a refund suit pursuant to 26 U.S.C. § 7422, but the Court nonetheless lacks subject matter jurisdiction over such an action because Plaintiff failed to exhaust administrative remedies. (*Id.* at 4-5.) Defendant also argues that S. Freeman was authorized to issue notices of levy and the notices were legally sufficient. (*Id.* at 6-7.) In his Response, Plaintiff argues that the levy was not statutorily authorized because the IRS did not sufficiently demonstrate his tax liability. (Doc. 13 at 4.) Plaintiff also claims that the levies were improper because S. Freeman did not have the authority to issue the notices of levy, Plaintiff did not receive a "Notice and Demand" from the IRS regarding his tax liability, and the basis for his liability was not sufficiently explained to him by S. Freeman. (*Id.* at 5-6.)

Federal Rule of Civil Procedure 12(b)(6) permits a party to assert by motion the defense of failure to state a claim upon which relief can be granted. A motion to dismiss a plaintiff's complaint under Rule 12(b)(6) should not be granted unless the plaintiff fails to plead enough facts to state a claim to relief that is plausible, and not merely just conceivable, on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Dismissal for failure to state a claim is proper if the factual allegations are not 'enough to raise a right to relief above the speculative level.' " *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (quoting *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008)). "Stated differently, the factual allegations in the complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief.' " *Id.* at 1291.

If a taxpayer fails to file an income tax return, a revenue agent of the IRS may file a substitute return based on the knowledge that person has or obtains, and such return "shall be prima facie good and sufficient for all legal purposes." 26 U.S.C. §§ 6020, 7701(11). Before the IRS attempts to collect unpaid taxes, it will send a notice of deficiency to the taxpayer. 26 U.S.C. § 6212. The taxpayer may challenge the determination of deficiency in the Tax Court. 26 U.S.C. § 6213. Rulings of the Tax Court may be appealed to a United States Court of Appeals, as those courts have exclusive jurisdiction to review the Tax Court's decision. *See* 26 U.S.C. § 7482. After the taxpayer pays the deficiency, he may file a claim with the IRS for a refund. 26 U.S.C. §§ 6511, 6532. If the claim is denied, such denial exhausts administrative remedies and the taxpayer may sue for a refund in federal court. 26 U.S.C. § 7422.

Generally, taxpayers may not enjoin the collection of federal taxes unless, at the time of the suit, "the plaintiff can show that under no circumstances could the government ultimately prevail and there exists an independent basis for equity jurisdiction." *Hobson v. Fischbeck*, 758 F.2d 579, 580-81 (11th Cir. 1985) (citing *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962)). Even if the Government could not ultimately prevail, a plaintiff may not obtain an injunction if an adequate remedy exists at law or the plaintiff does not have a substantial likelihood of success on the merits of the case. *See id.* at 581. "An adequate remedy at law, for the purposes of

3

challenging the IRS's collection of an alleged tax deficiency, includes a taxpayer's option of paying the disputed tax and then suing for a refund." *Gulden v. United States*, 287 F. App'x 813, 817 (11th Cir. 2008) (citing *Hobson*, 758 F.2d at 581).  Plaintiff has an adequate remedy at law—pay the amount owed and bring a refund suit under 26 U.S.C. § 7422.[2]

Further, the Court finds that there is not a substantial likelihood that Plaintiff would prevail on the merits because none of the grounds raised in his Complaint would support a finding that the IRS engaged in any improper behavior regarding the Notices of Levy.  As noted above, S. Freeman was authorized to file a substitute return, and Plaintiff's signature was not required to make it valid and enforceable.  Also, S. Freeman was authorized to issue the notices of levy, which contained the information required by 26 U.S.C. § 6331(b).  (*See* Doc. 6-1.)  Thus, Plaintiff has not made any legally sufficient allegation that any action taken by the IRS was improper.

Lastly, the Court notes that Plaintiff could not proceed with a refund suit under 26 U.S.C. § 7422 at this time because, to do so, a taxpayer must first pay the full tax and file a claim for refund with the IRS.  *Id.* § 7422(a); 28 U.S.C. § 1346(a)(1); *Flora v. United States*, 362 U.S. 145, 151 (1960) (noting that federal courts do not have jurisdiction over refund suits until the full tax is paid).  Because Plaintiff asserts in his Amended Complaint that the IRS continues to levy money from his pension, it is clear that he has not paid the entire tax liability and the Court therefore lacks subject matter jurisdiction to consider a refund suit at this juncture.

---

[2] To the extent that Plaintiff seeks a declaration from the Court that any actions taken by the IRS were illegal or improper, the Declaratory Judgment Act "removes federal tax matters from its ambit" at least to the same extent as the Anti-Injunction Act.  *Bufkin v. United States*, 522 F. App'x 530, 532 (11th Cir. 2013) (citing *Raulerson v. United States*, 786 F.2d 1090, 1093 n.7 (11th Cir. 1986)); *see also* 28 U.S.C. § 2201(a).

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. 11) is **GRANTED.** Accordingly, Plaintiff's Complaint, as amended (Docs. 1 & 6), is **DISMISSED WITHOUT PREJUDICE.**

**SO ORDERED**, this  21st  day of April 2014.

/s/ W. Louis Sands
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**